FILED

SEP 1 3 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

Raymond Donald Clark

   Debtor.
_____/

Case No. 10-16715-A-13
DC Nos. MHM-1 and MHM-2

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
AND REGARDING TRUSTEE'S MOTION TO DISMISS

  This bankruptcy case was filed by Raymond Donald Clark on June 15, 2010. Along with his petition, the debtor filed a chapter 13 plan. The chapter 13 plan does not contemplate any payments being made to creditors under the plan. In additional provisions set forth in Section 7 of the plan, the debtor refers to a wish to discharge a criminal restitution obligation.

  In his bankruptcy petition, the debtor checked both the box for chapter 7 case and the box for a chapter 13 case. The debtor filed a chapter 13 plan and a Rights and Responsibilities of Chapter 13 Debtor along with the petition. The petition was originally treated as a chapter 7 case and a chapter 7 trustee appointed. However, the court issued on June 22, 2010, a "Notice Concerning Chapter Number Combined with Notice of Reassignment of Case and Notice to Disregard." In that notice, the clerk of the court stated that the bankruptcy case was a chapter 13 case and that the trustee would be the chapter 13 trustee.

  The debtor also filed an application to waive the chapter 7 filing fee, which the court denied on the grounds that the filing fee waiver is not available to chapter 13 debtors. The court issued an order approving payment of the filing fee in installments.

Subsequently, on June 28, 2010, the debtor filed a petition for a writ of habeas corpus ad testificandum. The court denied that petition by order dated July 7, 2010.

A hearing was held August 26, 2010, on the chapter 13 trustee's objection to confirmation and on the chapter 13 trustee's motion to dismiss the case. The trustee's objection to confirmation is based on the fact that the plan fails to submit any income to the supervision and control of the trustee. The trustee asserts that the plan has not been proposed in good faith and that no payments have been made under the plan. The trustee further asserts that he has attempted to contact the debtor about an alternate procedure for appearance at a 341 meeting of creditors but that the letter was returned for lack of a "CDC" [California Department of Corrections] number. Additionally, the chapter 13 trustee observes that the debtor's schedules show no income. The plan provides for no payments to the trustee and no payments to creditors.

On August 10, 2010, the debtor filed a letter to the chapter 13 trustee referring to the bankruptcy court "misconstruing my proposed bankruptcy plan e.g. chapter 7." The letter ends by saying "Please scrutinize the petition more carefully and convert to chapter 7."

On August 23, 2010, the debtor filed a "Motion to Recuse Trustee M.H. Meyer." The document states that the chapter 13 trustee "slandered" the debtor in his objection to confirmation.

In another document filed August 23, 2010, and captioned "Judicial Notice," the debtor referred again to criminal restitution obligations that he is attempting to discharge. This document makes reference to both chapter 7 and chapter 13. It is not clear to the court from reading it whether the debtor wishes to be in chapter 7 or in chapter 13.

There are grounds to sustain the trustee's objection to confirmation of the debtor's plan. The plan proposes no reorganization under chapter 13. It proposes no payments into the plan and no payments to creditors. Therefore, by its terms, it may not be confirmed. Additionally, there are grounds to dismiss the debtor's chapter 13 case. He has made no payments to the chapter 13 trustee since filing his case. He has failed to propose a confirmable plan.

For the above reasons, the motion to dismiss is granted. It appears to the court that the debtor misunderstands the relief available in chapters 7 and 13. For that reason, the court will

attach a complete copy of the "Information for Persons Considering Bankruptcy" that is available on the court's website at www.caeb.uscourts.gov to the copy of the order served on debtor.

DATED: 9/13/10

WHITNEY RIMEL, Judge
United States Bankruptcy Court